189 F.2d 612
 MEMBERS OF NATIONAL ASS'N OF RETAIL MEAT DEALERS
v.
DISALLE, Director, Office of Price Stabilization.
 No. 554.
 United States Emergency Court of Appeals.
 Submitted May 18, 1951.
 Decided June 5, 1951.
 
 Nelson Schwab, Jr., Cincinnati, Ohio, for complainants.
 Joseph M. Friedman, Sp. Asst. to Atty. Gen., and George Arthur Fruit and John G. Roberts, Attys., Dept. of Justice, Washington, D. C., for respondent.
 Before MARIS, Chief Judge and MAGRUDER and LINDLEY, Judges.
 MAGRUDER, Judge.
 
 
 1
 This complaint is filed under § 408 of the Defense Production Act of 1950, 64 Stat. 798, 50 U.S.C.A.Appendix, § 2108. Complainants assert that they are aggrieved by the action of the Director of Price Stabilization in dismissing their protest against provisions of General Ceiling Price Regulation issued by the Director of Price Stabilization on January 26, 1951 (16 F.R. 808) as affecting retail ceiling prices of meat.
 
 
 2
 Section 407(a) of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2107(a), provides that at any time within six months after the effective date of any regulation or order relating to price controls "any person subject to any provision of such regulation or order may, in accordance with regulations to be prescribed by the President, file a protest specifically setting forth objections to any such provision * * *." The applicable procedural regulation dealing with protests is Price Procedural Regulation No. 1 issued December 18, 1950, by the Economic Stabilization Administrator under delegated authority from the President (15 F.R. 9055).
 
 
 3
 The protest here in question was filed April 6, 1951. Its opening paragraph contains the following recital: "Come now the members of the National Association of Retail Meat Dealers, being too numerous to list and identify, who, pursuant to the provisions of Section 407, Defense Production Act of 1950, * * * do hereby jointly protest the following regulation". The protest does not contain the names and addresses of any of the members of the Association, nor is it accompanied by any powers of attorney from such members authorizing the Association to file a protest on their behalf. The protest is signed in the name of the Association by "Charles Bauer President", and the verifying affidavit was also sworn to by the said Charles Bauer as "a duly authorized officer" of the Association.
 
 
 4
 On April 19, 1951, the Director of Price Stabilization issued an order dismissing the protest for the following reason: "This protest must be dismissed because it does not comply with Section 407(a) of the Act and Section 300.21 of Price Procedural Regulation No. 1. It does not appear from the protest that the Association is engaged in the business of selling meat at retail, and consequently it is not `subject to' the pricing provisions of the General Ceiling Price Regulation. This dismissal is without prejudice to the filing of a new protest or protests by individual members of the National Association of Retail Meat Dealers who are subject to the Regulation."
 
 
 5
 Section 300.21 of Price Procedural Regulation No. 1, following the language of the statute, provides that any person "subject to any provision of a regulation or order relating to price controls may file a protest against such provision in the manner set forth in this subpart." Further it is provided that a person is, "for the purposes of this subpart, subject to a provision of a regulation or order relating to price controls only if such provision prohibits or requires action by him * * *." See Buka Coal Co. v. Brown, Em.App. 1943, 133 F.2d 949, dealing with protests under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq.
 
 
 6
 The protest does not allege that the Association as such is engaged in selling meat; indeed the protest does not claim that the Association as a separate entity is "subject to" the protested regulation within the meaning of § 407(a) of the Act and § 300.21 of the Procedural Regulation. The regulation does not prohibit or require action by the Association.
 
 
 7
 In neither the Act nor in the Procedural Regulation is there any warrant for the filing of a class protest by an association on behalf of a large group of unnamed persons, after the analogy of class actions provided for in Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A.
 
 
 8
 But it is contended that the protest is a proper one as a joint protest of the members of the Association, signed by Charles Bauer, its president, on behalf of all the members.
 
 
 9
 No doubt the various retail meat dealers who are members of the Association have standing, either individually or jointly, to protest the regulation under § 407(a) of the Act. But for failure to follow the plain requirements of the Procedural Regulation, the present protest cannot be deemed a proper joint protest on the part of the individual members of the Association.
 
 
 10
 Section 300.22 of the Procedural Regulation provides that any action to be taken by a protestant "may, unless otherwise expressly stated, as in § 300.32(a) (8), be taken on his behalf by any person whom the protestant has by written power of attorney authorized to represent him. Such power of attorney, signed by the protestant, shall be filed with the protest." As above stated, no written powers of attorney were executed by any of the members of the Association nor filed with the protest, authorizing either the Association or its president to file the protest on behalf of such members. Section 300.32(a) just referred to provides, among other things, that every protest shall contain the name and address of the protestant, the nature of his business, and the manner in which the protestant is subject to the provision of the regulation or order being protested; also the name and address of any representative filing the protest on behalf of the protestant. In addition it is provided that the facts alleged in the protest must be verified under oath by an individual protestant personally, or, if a partnership, by a partner, or, if a corporation or association, by a duly authorized officer. Section 300.27 of the Procedural Regulation specifically authorizes the filing of joint protests where at least one ground of protest is common to all persons joining in it. But the section provides that such joint protests shall be filed and determined in accordance with the rules governing protests filed by one person; and specifically that a joint protest shall be verified in accordance with § 300.32(a) (8) "by each protestant."
 
 
 11
 The protest does not purport to be the individual protest of Charles Bauer, president of the Association. Mr. Bauer is not alleged to be himself a retail meat dealer subject to the regulation.
 
 
 12
 From the foregoing it is clear that the protest was properly dismissed by the Director of Price Stabilization, without prejudice to the filing of a new protest or protests by individual members of the Association.
 
 
 13
 A judgment will be entered dismissing the complaint.